IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| **DAINELLE TISDALE** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CA #   3:20cv630 |
| | ) |
| **LIFE INSURANCE COMPANY** | ) |
| **OF NORTH AMERICA ("LINA")** | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT FOR
# DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1. Plaintiff's claims against Defendant are filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2. Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: a) a declaration and enforcement of rights under the long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), b) a reinstatement of benefits, c) the payment of all back benefits due with pre-judgment and post-judgment interest, d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4.  Plaintiff is a former employee of Capital One Financial Corporation ("The Employer"). While employed there, and while covered by the Group Long Term Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5.  Capital One Financial Corporation Employee Welfare Benefits Plan ("The Plan") is an employee welfare benefit plan established under ERISA. The Plan is a fully insured long-term disability policy issued by the Defendant and the Defendant is fully responsible for any and all sums due under the policy.

## THE EMPLOYEE WELFARE BENEFIT PLAN

6.  At all times relevant Plaintiff was employed by The Employer, in Virginia and was a plan participant in the Plan established by The Employer and insured by the Defendant under ERISA.

7.  The Employer is the Plan Administrator.

8.  The Plan Administrator has delegated disability claims administration to the Defendant.

9.  The Employer and the Defendant are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

10. The Defendant is responsible for conducting any ERISA mandated claim evaluation and final review rests with The Defendant and with no other entity.

11. The Defendant, upon information and belief, has made all of the decisions regarding Plaintiff's claim for disability benefits in this case.

## HISTORY OF THE CLAIM

12. Plaintiff worked for The Employer until she became disabled.

13. At all times relevant the Plaintiff has met the Plan's definition of disability

14. The Plan provides for lost income benefits.

15. Plaintiff timely gave notice of disability and applied for disability benefits under the Plan.

16. On February 7, 2019, the Defendant issued an "Adverse Benefit Decision" on Plaintiff's claim for benefits.

17. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

18. The Plaintiff has exhausted pre-litigation remedies by timely filing an administrative appeal with the Defendant.

19. The Defendant issued a final "Adverse Benefit Decision" on April 23, 2020.

20. The Plaintiff is entitled to long-term disability benefits under the Plan, including past due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

21. The Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by the Defendant; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Defendant to deny benefits.

2. That the Plaintiff is entitled to long-term disability benefits under the policy.

3. That the Plaintiff is entitled to payment of past due long-term disability benefits and reinstatement to monthly benefits under The Plan.

4. That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Dainelle Tisdale*
By Counsel


_____/s/_____

Benjamin W. Glass, III
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
Ben@BenGlassLaw.com
*Counsel for Plaintiff*